IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § § § | CASE NUMBER 9:19-CR-27-MJT |
| ADAM TELLO | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Defendant, Adam Tello, filed a *pro se* Motion for Return of Property and accompanying supplemental motions for property belonging to him that was seized from his residence during the execution of a search warrant. (Docs. #202, #210, #215.) The Government filed a response stating that it is unopposed to the return of paperwork, four cellular phones, and a Toughbook computer (to the extent it is in federal custody) but opposes the return of the remaining items as they are not in its possession. (Doc. #212.) Pursuant to 28 U.S.C. § 636(b), the Local Rules for the United States District Court for the Eastern District of Texas, and a specific referral order (doc. #219), these motions are before the undersigned United States magistrate judge for review and submission of a report with recommended findings of fact and conclusions of law.

## I. Background

On June 19, 2019, Adam Tello ("Tello") was indicted for conspiracy to distribute and possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § 846. (Doc. #11.) Tello proceeded to trial and was convicted by a jury on October 13, 2020. (Doc. #164.) On May 25, 2021, Tello was sentenced to 360 months' imprisonment followed by five years of

supervised release. (Doc. #181.) Tello appealed his conviction and sentence, but the Fifth Circuit affirmed the conviction on June 9, 2022. (Doc. #201.)

## II. Discussion

Rule 41(g) of the Federal Rules of Criminal Procedure authorizes a person who is aggrieved by the deprivation of property to move for the property's return. A person whose property has been seized in connection with criminal proceedings is presumed to have a right to its return once it is no longer needed as evidence. *See United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (citing *United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996). With this presumption, courts will order the return of seized property that is still in the government's possession. *See Longinos–Ruiz v. United States*, No. 4:12–CV–400–Y, 2013 WL 1785380, at *4 (N.D. Tex. Apr. 1, 2013) (granting motion for return of property in the government's possession and ordering its return to the prisoner plaintiff's designee); *see also United States v. Rodriguez*, No. EP–08–CR–1865–PRM, 2011 WL 5854369, at *18–19 (W.D. Tex. Feb. 18, 2011) (recommending that guns be released to non-relative trustee for sale and distribution of proceeds to prisoner plaintiff—who would be legally prohibited from possessing the guns).

A defendant's factual allegations in a motion for return of property must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Dean*, 100 F.3d at 21. General or conclusory assertions will not suffice. *Id.* Once the defendant proves he is lawfully entitled to the property, the burden shifts to the government. *Id.* The government can rebut the presumption by showing the defendant did not possess the property lawfully, or the government can show a legitimate purpose for retaining the property. *Id.* Some government interests are: (1) the government has a continuing need for the specific property as evidence; (2) the property is subject to a tax lien; (3) the property has been

2

forfeited or subject to forfeiture statutes; (4) the property has been turned over voluntarily; (5) the property is contraband or fruit of the crime; (6) items that are intended for use in violation of federal law. *See* FEDERAL PROCEDURE, LAWYERS EDITION: CRIMINAL PROCEDURE Vol. 8A, § 22:232 (Matthew J. Canavan 2005).

Tello requests that the Government return car titles, personal items, electronics, vehicles, cellular phones, a 16-foot trailer, rims, car parts, battery, tools, socket sets, car scanner, Panasonic Toughbook computer, Surface laptop, generator, welder, sound system, speaker, televisions, contents from a Laredo RV, a wallet with cash and cards, doors, and "miscellaneous" items. (Doc. #202, #215.) Specifically, as to vehicles, he lists: GMC 1500 truck, Chevrolet Z-71 Tahoe; F350 Ford; blue/green Honda; black Electric Honda; brown Honda; Chevy S-10 racing truck; BMW 728; and Suzuki dirt bike. (Doc. #202.) While Tello's factual allegations are not sufficiently detailed or specific, the Government has seemingly addressed many of these items as best they could.

The Government asserts that many of the items were either not seized or were seized by a state agency[1] so the item is not in federal custody. (Doc. #212.) In addition, their response states that many of the items were determined to be stolen, so Tello did not possess them lawfully. The Ford F350 was a stolen vehicle that was seized by a state agency. (*Id.*) The enclosed 16-foot trailer was awarded to the Harris County Auto Theft Unit in a civil suit before a Justice of the Peace under case number 193100277850. (Doc. #212-1.) The Chevrolet 2500 truck was also seized by the Auto Theft Unit. The Government asserts that it has no knowledge of any other vehicles seized.

---

[1] The Government noted that the search warrant and arrest warrant were executed by officers and agents from multiple law enforcement agencies. (Doc. #212.)

Several firearms and ammunition were seized and are in custody of the Alcohol, Firearms, and Explosives (ATF); however, Tello has not requested return of these items. ATF also has copies of assorted paperwork that it is willing to return to Tello, including a list of people, a hotel receipt, and a wire transfer.

The Government states that five cellular telephones were seized by the Drug Enforcement Administration (DEA) in Houston, Texas. They are unopposed to returning all but the red iPhone asserting that it is believed to be owned by an individual involved in a robbery and shooting and as such, Tello is not the rightful owner.

The Government is also agreeable to returning the Panasonic CF-31 Toughbook computer as long as it is in federal custody, which is still being investigated. They are unaware of the location of a Surface Notebook laptop or any other electronic devices.

As to the remaining miscellaneous items, there were reportedly several items inside a stolen 2008 Impala that was seized by the Harris County Auto Theft Unit and returned to the rightful owner. The Government does have custody of these items or any other miscellaneous items, including tools, batteries, doors, rims, car parts, etc.

### III. Recommendation and Order

As stated above, Rule 41(g) presupposes that the government still possesses or has control over the seized property. *Osamor v. United States*, No. 4:09CV1500, 2010 WL 11668149, at *6 (S.D. Tex. Nov. 5, 2010), *R. & R. adopted*, 2011 WL 13340485 (S.D. Tex. Sept. 21, 2011), (citing *Bailey v. United States*, 508 F.3d 736, 739 (5th Cir. 2007). If the government proves that it no longer possesses the seized property, the Defendant's motion must be denied as to those items because the government cannot return property it does not possess. *Id.* Consequently, the undersigned recommends that the court grant, in part, Tello's motion as to the

4

return of the paperwork (in custody of ATF), four cellular telephones (in custody of DEA), and the Toughbook computer (to the extent it is in federal custody). As to the remaining items not within the Government's custody and the red iPhone not owned by Tello, the undersigned recommends that the court deny Tello's motion.

It is also ORDERED that the Government should give notice to the court of the status of the Toughbook computer within fourteen (14) days of the date of this Report and Recommendation. The Defendant, Tello, is also ORDERED to give notice to the court within fourteen (14) days of this Report and Recommendation of his named designee (with contact information, including a phone number) to receive the returned property.

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–

77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 9th day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE